UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ADAM MICHAEL ZULEGER,

Plaintiff,

v.

JEFFREY BALON, ED MORALES, BOB REGNITZ, JIM BIGGS,

Defendants.

CAUSE NO. 2:26-CV-474-GSL-AZ

OPINION AND ORDER

Plaintiff Adam Michael Zuleger is being held at the Porter County Jail. He is not represented by counsel. He filed a complaint invoking conspiracies, misunderstandings about intelligence and counterintelligence, and energy-related subjects. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

> [A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quotation marks and citations omitted). Thus, a case can be dismissed without a response from the defendants where "the facts alleged in the complaint are . . . unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002); *see also Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

Such is the case here. Zuleger challenges the reliance of the "counter-intelligence" on the book of Ezra and is worried about "religious warfare." He relates his concerns to the United States Department of Energy, positing that "intelligence" and "counter-intelligence" are not agencies but "vocabulary units." He states that Sherriff Jeffrey Balon and NIPSCO employee Wesley Cotton (who is not named as a defendant) are impersonating the United States government, even though they have no understanding about intelligence and counter-intelligence. He accuses them of "persisting with extrinsic human error." He claims that they don't understand the difference between natural gas and crude oil. Zuleger himself appears to favor nuclear-produced energy as it creates wealth. He discusses atomic elements and their stability. He claims to have been abused by "this stupidity." He questions the prudence of how the electrical cables are laid out. He believes that his right of "freedom from fear," guaranteed by the United Nations, has been violated. ECF 1 at 2–6.

To the extent that they can be comprehended, Zuleger's allegations "are fanciful, fantastic, and delusional." *Denton*, 504 U.S. at 33. Therefore this case will be dismissed as frivolous. Though it is usually necessary to permit a plaintiff the opportunity to file

an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is not so where the amendment would be futile. *Holland v. City of Gary*, 503 F. App'x 476, 477–78 (7th Cir. 2013) (amendment of complaint with fantastic and delusional allegations would be futile); *see also Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009).

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because it is frivolous.

SO ORDERED on October 27, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT